IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry L. Coleman, #271048, ) | |
| ) | C/A No. 0:08-3081-HFF-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| George T. Hagan, Warden Allendale ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 26). The petitioner, Terry L. Coleman ("Coleman"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 28.) Following three extensions of time, Coleman filed a response in opposition to the respondent's motion. (Docket Entry 48.) The motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Coleman was indicted in April 1999 in Lexington County for murder (99-GS-32-1550) and burglary in the first degree (99-GS-32-1551). (App. at 198-201, Docket Entry 27-4 at 41-44.) Coleman was represented by Elizabeth C. Fullwood, Esquire, Lexington County Public Defender, and on November 28, 2000, waived his right to a jury trial and pled guilty to voluntary manslaughter and first degree burglary. (App. at 12-13, Docket Entry 27-2 at 14-15.) The circuit court sentenced

Coleman to twenty years' imprisonment for voluntary manslaughter and twenty years' imprisonment for burglary in the first degree, both sentences to be served concurrently. (App at 25, Docket Entry 27-2 at 27.) Coleman did not file a direct appeal.

On June 18, 2001, Coleman filed a *pro se* application for post-conviction relief ("PCR") ("2001 PCR Action"). (See Coleman v. State of South Carolina, 01-CP-32-1714, App. at 27-33, Docket Entry 27-2 at 29-35.) The State filed a return on July 5, 2002. (App. at 34-37, Docket Entry 27-2 at 36-39.) On January 8, 2003, the PCR court held an evidentiary hearing at which Coleman appeared and was represented by C. Lawrence Simmons III, Esquire. (App. at 38-105, Docket Entry 27-2 at 40 through Docket Entry 27-3 at 13.) The PCR court dismissed Coleman's application on January 29, 2003. (App. at 106-11, Docket Entry 27-3 at 14-19.) Coleman did not appeal to the appellate courts pursuant to Rule 203(b)(1), SCACR.

Coleman filed an additional *pro se* state PCR application on March 17, 2004 ("2004 PCR Action"). (See Coleman v. State of South Carolina, 04-CP-32-0935, App. at 114-24, Docket Entry 27-3 at 22-32.) The State filed a return and motion to dismiss on June 8, 2005. (App. at 139-145, Docket Entry 27-3 at 47-53.) The PCR court entered a conditional order of dismissal, giving Coleman twenty days to show cause why his application should not be dismissed. (App. at 146-151, Docket Entry 27-3 at 54-59.) Coleman responded by filing objections to the conditional order of dismissal on October 10, 2005. (App. at 152-55, Docket Entry 27-3 at 60-63.) The PCR court held a hearing at which Coleman appeared and was represented by Stanley Myers, Esquire and James Bradley, Esquire. (App. at 156-64, Docket Entry 27-3 at 64 through Docket Entry 37-4 at 7.)

By order filed January 27, 2006, the PCR judge granted Coleman leave to file a belated petition to seek appellate review of his 2001 PCR Action pursuant to Austin v. State,[1] but granted the State's motion to dismiss with regard to all other grounds due to the fact that the 2004 PCR Action was untimely and successive. (App. at 192-97, Docket Entry 27-4 at 35-40).

Following additional proceedings pursuant to Austin and Odom, the South Carolina Supreme Court allowed Coleman to file a belated certiorari petition with regard to the 2001 PCR Action, but denied certiorari review. (Docket Entry 27-8.) The remittitur was issued on September 24, 2007. (Docket Entry 27-9.)

## FEDERAL HABEAS ISSUES

Coleman filed his petition for a writ of habeas corpus in this court on September 4, 2008. (Docket Entry 1.) In his Petition, Coleman raises the following issues:

> **Ground One:** The Petitioner's 6th Amendment right to effective assistance of counsel was violated where counsel failed to file notice of appeal following Petitioner's sentencing.
>
> **Ground Two:** The Petitioner was denied his 6th Amendment right to effective assistance of counsel where counsel failed to discuss medical evidence as it related to the defense to the charges.
>
> **Ground Three:** Petitioner's 6th Amendment right to effective assistance of counsel was violated where counsel did not investigate witnesses who would have provided a defense to the burglary offense.
>
> **Ground Four:** The Petitioner was denied his 6th Amendment right to counsel where counsel failed to pursue the motion to relieve counsel which he had filed.

(Pet., Docket Entry 1.)

---

[1] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999). See also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter)

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.  **Statute of Limitations**

1.  **Analysis**

The respondent argues that Coleman's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Coleman did not file a direct appeal. Therefore, Coleman's conviction became final ten days after November 28, 2000, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the

South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on December 8, 2000. Accordingly, the limitations period began to run on December 9, 2000 and expired on December 8, 2001, unless the period was at any time tolled for a properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Coleman filed his first state PCR application on June 18, 2001. At that point, 192 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of any of Coleman's PCR actions that were properly filed. The PCR court issued its formal order denying Coleman's petition on January 29, 2003, and, as no appeal was filed from this order, this decision became final on February 28, 2003—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. At this time, Coleman had 173 days of statutory time remaining.

Coleman filed a second PCR Application on March 17, 2004. At that point, 383 days of non-tolled time had accrued since the final decision of the 2001 PCR Action. In his 2004 PCR Action, Coleman was granted a belated appeal pursuant to Austin from his 2001 PCR application, thereby tolling the statute of limitations during the pendency of this appeal until no later than September 24, 2007, when the South Carolina Supreme Court issued the remittitur from its order conducting review of the circuit court's order denying Coleman's claims in his 2001 PCR Action and denying certiorari review of that order.

Coleman's federal Petition was filed on September 4, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 346 days of non-tolled time had run from the final denial of the 2004 PCR Action. Adding the 192 days that accrued between the date his conviction became final and the filing of the 2001 PCR Action and the 383 days that accrued between the final decision in the 2001 PCR Action and the filing of the 2004 PCR Action results in a total of 921 days of non-tolled time. Thus, Coleman's Petition was not timely filed.[2]

## 2. Coleman's Arguments

Coleman first argues that his conviction was not "final" for the purposes of § 2244 until the disposition of his belated PCR appeal. In support of this contention, Coleman relies on Supreme Court case law; however, these cases hold that a conviction is not final until the disposition of a belated *direct* appeal, not a belated *PCR or collateral* appeal. In this case, Coleman was granted a belated PCR appeal, but Coleman neither filed a direct appeal nor received leave to file a belated direct appeal. While he may have been seeking the grant of a belated direct appeal in his belated PCR appeal, certiorari was denied on this issue. Accordingly, the appellate courts did not "engage" in direct review when considering Coleman's appeal. See, e.g., Frasch v. Peguese, 414 F.3d 518, 523-24 (4th Cir. 2005). Therefore, as stated above, Coleman's conviction was final for the purposes of § 2244 ten days after his plea and sentencing.

Alternatively, Coleman asserts that he is entitled to equitable tolling. Specifically, Coleman contends that trial counsel did not inform him that he had ten days to file a direct appeal, and he

---

[2]Moreover, even if the fact that Coleman was granted a belated PCR appeal entitled Coleman to toll the time between the PCR actions, Coleman's federal Petition is still untimely.

indicated that he wanted to appeal his guilty plea. Therefore, Coleman argues, he is entitled to equitably toll the time between the date his conviction became final and the filing of his 2001 PCR Action. Coleman also contends that he should be entitled to equitably toll the time between his PCR actions because he did not receive the notification of the order from the 2001 PCR Action until November 26, 2003 and was unaware that PCR counsel failed to appeal that order until June 1, 2004.

In Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the United States Court of Appeals for the Fourth Circuit analyzed a claim of equitable tolling against a § 2244(d) deadline as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330.

Assuming Coleman's factual allegations to be true, he fails to establish the type of extraordinary circumstances necessary for equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Coleman's

arguments can be categorized as attorney error, by both trial and PCR counsel, and to some extent ignorance of the law. These arguments do not constitute extraordinary circumstances. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not."); see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (attorney error does not "warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

**D.     Other Issues**

In his Petition, Coleman essentially raises numerous grounds of ineffective assistance of trial counsel. He contends that he is entitled to a writ of habeas corpus due to (1) trial counsel's failure to timely file a notice of appeal; (2) trial counsel's failure to discuss medical evidence as it related to potential defenses to Coleman's charge; (3) trial counsel's failure to investigate; and (4) trial counsel's failure to pursue a motion to relieve counsel. (Pet., Docket Entry 1.)

Even if Coleman's Petition were timely filed, the court has reviewed the submissions of the parties and finds that Coleman has not presented any ground warranting federal habeas relief. This conclusion is based on the following authorities: Strickland v. Washington, 466 U.S. 668, 687 (1984) (enunciating a two-prong test to demonstrate ineffective assistance of counsel, which

requires that a petitioner demonstrate that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea); Frazer v. South Carolina, 430 F.3d 696, 708-09 (4th Cir. 2005) (applying the Strickland test and analyzing whether counsel was ineffective in failing to consult with the defendant concerning the filing of a direct appeal); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (holding that generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules); Coleman v. Thompson, 501 U.S. 722 (1991) (holding that for a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

## RECOMMENDATION

Based upon the foregoing, the court finds that Coleman's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 26) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 12, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).